**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | : | |
|---|---|---|
| SARAH MAE TILLERY | : | |
| (aka) SARAH MAE SWANN, | : | |
| | : | No. 8:18-cv-03256-PX |
| PLAINTIFF, | : | |
| V. | : | |
| | : | |
| U.S. DEPARTMENT OF EDUCATION, et al, | : | |
| | : | |
| DEFENDANT. | : | |
| | : | |

**JOINT STATEMENT CONCERNING REMOVAL OF DEFENDANTS**
**NAVIENT SOLUTIONS, LLC, ALLIED INTERSTATE, LLC, AND**
**NORTH CAROLINA A&T STATE UNIVERSITY**

Pursuant to the Court's October 23, 2018 Standing Order Concerning Removal ("Standing Order") (Dkt. No. 3), Defendants Navient Solutions, LLC ("NSL"), incorrectly identified as "Navient Identity & Forgery Investigations" and "Sallie Mae", Allied Interstate, LLC ("Allied"), and North Carolina A&T State University ("NCA&T"), (collectively, "Defendants"), by their undersigned counsel, state as follows:

1. Defendants responds to Paragraph 1 of the Standing Order as follows:

    (a) NSL received a copy of the Complaint on September 20, 2018, however, NSL contends it was not properly served with process in the State Court Action.[1] Despite this

---

[1] The Complaint was mailed to a post office box in Wilkes Barre, Pennsylvania. Although the Maryland Rules of Court allow service by mail, it must be effectuated by "mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: "Restricted Delivery – show to whom, date address of delivery." Md. R. 2-121(a). Here, there is no indication that Plaintiff's mailing to a post office box in Wilkes Barre, Pennsylvania was effectuated by Restricted Delivery. In addition, nothing in the Maryland Rules of Court contemplates service under Rule 2-121(a) by delivery to a post office box. Rather, under Rule 2-124(d), a limited liability company such as NSL must be served through delivery of process upon a resident agent, or absent such an agent, "upon any member or other person expressly or impliedly authorized to receive service of process." Md. R. 2-124(g). Delivery on a post office box in Wilkes Barre, Pennsylvania is not delivery upon a resident agent or other authorized person for NSL.

service defect, NSL nevertheless chose to remove the case within 30 days of its receipt of the Complaint.

   (b) There are no returns of service or affidavits of service on the docket in the State Court Action.

   (c) Allied, NCA&T, and ARS also received a copy of the Complaint. Allied, NCA&T and Asset each consented to removal. Allied and NCA&T contend, however, that they have not been properly joined or served in this lawsuit.

  2. Defendants respond to Paragraph 2 of the Standing Order as follows: NSL removed the case based on federal question jurisdiction. In addition, diversity jurisdiction exists. Plaintiff filed an Addendum to the Complaint that removed Defendant Sarah Henley as a party to the case. For purposes of diversity jurisdiction, NSL is a resident of Virginia, Allied is a resident of Ohio, NCA&T is a resident of North Carolina, and Asset is a resident of Illinois. Because Sarah Henley, the only Maryland resident defendant, was removed from the case, complete diversity jurisdiction exists.

  3. Paragraph 3 of the Standing Order is not applicable.

  4. Paragraph 4 of the Standing Order is not applicable.

  5. Paragraph 5 of the Standing Order is not applicable.

Respectfully submitted,

*/s/ Michelle H. Badolato*
Eric M. Hurwitz, Esquire
Michelle H. Badolato, Esquire

Stradley Ronon Stevens & Young, LLP
457 Haddonfield Road, Suite 100
Cherry Hill, NJ 08002
T: (856) 321-2400
F: (856) 321-2415
ehurwitz@stradley.com
mbadolato@stradley.com
*Attorneys for Defendant Navient Solutions, LLC, incorrectly identified as "Navient Identity & Forgery Investigations" and "Sallie Mae"*

Date:  November 2, 2018

*/s/ Brent Gary*
Brent Gary, Esquire
Reed Smith LLP
7900 Tysons One Place, Suite 500
McLean, Virginia  22102
*Attorneys for Defendant Allied Interstate LLC*

Date:  November 2, 2018

*/s/ Stanley J. Reed*
Stanley J. Reed, Esquire
Lerch, Early & Brewer, Chtd.
7600 Wisconsin Ave, Suite 700
Bethesda, MD 20814
*Attorney for Defendant*
*North Carolina A&T State University*

Date:  November 2, 2018

**CERTIFICATE OF SERVICE**

I, hereby certify that on November 2, 2018, I electronically filed the foregoing Statement Concerning Removal with the Clerk of the Court using the CM/ECF system, and that a Notice of Electronic Filing was subsequently served upon:

Brent Gary, Esquire
Reed Smith LLP
7900 Tysons One Place, Suite 500
McLean, Virginia  22102
Attorneys for Allied Interstate LLC

and that I served the foregoing via first class mail upon the following non-CM/ECF participants:

Sarah Mae Tillery a/k/a Sarah Mae Swann
5505 Lansing Drive
Temple Hills, MD 20748

Sarah Lanise Henley
8162 Washington Blvd., #439
Jessup, Maryland 20794

US Department of Education
Office of Inspector General
400 Maryland Avenue, S.W.
Washington DC 20202

Asset Recovery Solutions, LLC
c/o Justin M. Penn, Esq.
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606

North Carolina A&T State University
c/o Stanley J. Reed, Esquire
Lerch, Early & Brewer, Chtd.
7600 Wisconsin Ave, Suite 700
Bethesda, MD 20814

*/s/ Michelle H. Badolato*
Michelle H. Badolato