IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SARAH MAE TILLERY  \*
aka SARAH MAE SWANN,
                                        \*
    Plaintiff,
                                        \*
  v.                                                                      Civil Action No. 8:18-cv-03256-PX
                                        \*
U.S. DEPARTMENT OF EDUCATION, *et al.*,
                                        \*
    Defendants.
                                        \*\*\*

## MEMORANDUM OPINION

Pending before the Court are Defendants' motions to dismiss (ECF Nos. 6, 9, 18, 26) and Plaintiff's request for hearing or trial. ECF No. 24. The Clerk of the Court sent Plaintiff four letters explaining that failure to respond to these motions may result in the Court ruling without her response. ECF Nos. 8, 12, 19, 27. Plaintiff has responded in part. ECF Nos. 22, 24. The Court has carefully reviewed the pleadings and finds that no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court grants Defendants' motions to dismiss.

**I.    Background**

In 2006, a person claiming to be Plaintiff's daughter applied for a student loan covering tuition at North Carolina Agricultural and Technical State University ("the University"), and listed Plaintiff as co-signer on the loan. ECF No. 1-1 at 10, 20. Sallie Mae, now operating as Navient Solutions, LLC ("Navient"), approved the loan. *Id.* at 21. However, the loan became delinquent, and Navient referred the debt to Asset Recovery Solutions, LLC ("Asset Recovery") and Allied Interstate, LLC ("Allied") for collection. *Id.* at 14, 18, 36.

By 2014, Plaintiff contacted a consumer reporting agency ("CRA") to contest the loan as fraudulent. *Id.* at 8. The CRA communicated Plaintiff's contention to Navient, who investigated

Plaintiff's claim and concluded that the loan was valid. *Id.* Plaintiff next contacted Navient directly to contest the loan. *Id.* at 9, 28. Specifically, Plaintiff claimed that she had been the victim of identity theft and submitted, at Navient's request, an affidavit affirming that she did not sign the loan application and that her identification documents were stolen. *Id.* at 30. Plaintiff also sent a police report summarizing the same. *Id.* at 35.

On August 16, 2018, Plaintiff, proceeding pro se, filed a 44-page Complaint in the Circuit Court for Prince George's County, Maryland against Defendants Navient, Asset Recovery, Allied, the University, and the United States Department of Education ("DOE"). *Id.* at 2. Navient is the lending institution that held the loan; Asset Recovery and Allied are the debt collectors hired by Navient; and the University accepted the funds from the loan. From the facts provided, it is unclear what role DOE played in this matter or why Plaintiff sued the agency.

The Complaint characterizes the claims as sounding in "[f]raud as it relates to the Plaintiff's credit, finances and deformation of character," contending that the loan was obtained with "an unauthorized use of [Plaintiff's] signature" and contesting the validity of the loan as a debt on her credit report. *Id.* at 2–3. The Complaint attaches and incorporates as part of the claim the loan application, letters from Defendants to Plaintiff, a police report, and Plaintiff's affidavit concerning her identity theft. *See Jeffrey M. Brown Assocs., Inc. v. Rockville Ctr., Inc.*, 7 F. App'x 197, 202 (4th Cir. 2001) ("We also accept as true the facts set forth in the exhibits attached to the complaint.") (citing Fed. R. Civ. P. 10(c)). The Complaint seeks $2.5 million in damages. ECF No. 1-1 at 4.

On October 19, 2018, Navient removed the action to this Court. ECF No. 1. Navient, Asset Recovery, Allied, and DOE have each moved to dismiss the Complaint. The University has not entered an appearance, and Plaintiff has not provided the Court with any proof of service.

## II. Standard of Review

The DOE moves to dismiss the Complaint for lack of subject matter jurisdiction. Such motions, brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, challenge a court's authority to hear the matter. *See Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300–01 (4th Cir.2009); *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If "a claim fails to allege facts upon which the court may base jurisdiction," the court must dismiss the action for lack of subject matter jurisdiction. *Davis*, 367 F. Supp. 2d at 799.

In determining whether jurisdiction exists, "the court may look beyond the pleadings and the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)) (internal quotation marks omitted). Where the defendant contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based," the Court construes the facts alleged in the complaint as true and most favorably to the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Whether the Court retains subject matter jurisdiction must be decided before reaching the merits of the case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999).

The remaining Defendants challenge the Complaint as failing to state legally cognizable causes of action. A motion to dismiss brought pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

In ruling on a motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and viewed in the light most favorable to her. *Twombly*, 550 U.S. at 555. The Court may also consider documents attached to the motion to dismiss when "integral to and explicitly relied on in the complaint, and when the [opposing parties] do not challenge the document[s'] authenticity." *Zak v. Chelsea Therapeutics, Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)) (internal quotation marks omitted). However, "[f]actual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "[C]onclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "'[N]aked assertions of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Although pro se pleadings are construed liberally to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

### III. Analysis

#### A. Department of Education

The Department of Education ("DOE") argues that claims against it must be dismissed on sovereign immunity grounds. Sovereign immunity protects the United States and its agencies from all lawsuits absent a waiver of immunity. *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005). Congress may, through enacting legislation, expressly waive sovereign immunity for certain suits. *See Kerns v. United States*, 585 F.3d 187, 193–94 (4th Cir. 2009). However, a waiver of sovereign immunity is "strictly construed" in favor of the United States. *Lane v. Pena*, 518 U.S. 187, 192 (1996). As a federal agency, DOE enjoys "a presumption of immunity from the present lawsuit." *Robinson v. United States Dep't of Educ.*, 917 F.3d 799, 801 (4th Cir. 2019). Plaintiff must, therefore, demonstrate that DOE has waived its immunity as to her claims.

Liberally construed, Plaintiff's Complaint alleges against DOE defamation, fraud, and violations of the Fair Credit Reporting Act.[1] The Federal Tort Claims Act ("FTCA") "represents the exclusive remedy" for tort claims against the federal government. *See Young v. United States*, No. RDB 08-3349, 2009 WL 2170068, at *4 (D. Md. July 20, 2009). However, the FTCA does not waive sovereign immunity for defamation or fraud claims. 28 U.S.C. § 2640(h); *Johnson v. United States*, No. GJH-16-3341, 2017 WL 1483394, at *2 (D. Md. Apr. 21, 2017) (citing *Talbert v. United States*, 932 F.2d 1064, 1066 (4th Cir. 1991)); *Perry v. United States*, No. TDC-14-2862, 2015 WL 3558081, at *4 (D. Md. June 2, 2015). Thus, the Court lacks jurisdiction to hear such claims against DOE.

As to the FCRA claim, the federal government has waived immunity only for claims

---

[1] Although Plaintiff's response states, "This case is not against the FCA (Fair Credit Act)," the Court will analyze whether a claim under the FCRA could proceed out of an abundance of caution when discussing the rights of a pro se plaintiff. *See* ECF No. 22 at 1.

5

related to 15 U.S.C. § 1681u, which governs the Federal Bureau of Investigation's ability to obtain information from CRAs. *Robinson*, 917 F.3d at 803. By contrast, the government has not waived immunity for any other FCRA claim. *Id.* at 802, 806. Plaintiff's allegations, read most favorably to her, do not implicate § 1681u. Thus, DOE is immune from suit and all claims against it must be dismissed with prejudice.

### B. Remaining Defendants

#### i. Defamation

Plaintiff brings common law claims of defamation against the private Defendants, contending that they essentially defamed her by reporting inaccurate credit information to CRAs. These claims concern an area regulated by the FCRA. The FCRA generally preempts such common law claims, pursuant to 15 U.S.C. § 1681(h)(e). *Rogers v. Keffer, Inc.*, 243 F. Supp. 3d 650, 660 (E.D.N.C. 2017). However, a claim is not preempted if it involves "false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e); *see also Alston v. United Collections Bureau, Inc.*, No. DKC 13-0913, 2014 WL 859013, at *11 & n.5 (D. Md. Mar. 4, 2014). Because this defamation claim falls within the ambit of Section 1681h(e), the Court must determine whether the "malice or willful intent to injure" exception applies. *Ross v. F.D.I.C.*, 625 F.3d 808, 814 (4th Cir. 2010).

To show malice, the Complaint must allege plausibly that Defendants knew the reported information was false. *Id.* at 815. Viewing the Complaint most favorably to Plaintiff, it fails in this respect. No facts support that Defendants knew the debt reported was false or that they acted with malice or ill will of any kind. The FCRA thus preempts the common law defamation claim. It is dismissed with prejudice.

### ii. Fraud

As to the fraud claims against Defendants, they too fail. To survive challenge, the Plaintiff must plausibly aver that (1) Defendants made a false representation to her; (2) its falsity was either known to Defendants or was made with reckless indifference as to its truth; (3) the misrepresentation was made for the purpose of defrauding Plaintiff; (4) Plaintiff relied on the misrepresentation and had the right to rely on it; and (5) Plaintiff suffered compensable injury resulting from the misrepresentation. *Sass v. Andrew*, 152 Md. App. 406, 429 (2003).

Fraud claims must meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. The Complaint allegations must include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (quoting 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil § 1297, at 590 (2d ed. 1990)) (internal quotation marks omitted).

The Complaint fails as to the fraud claim in two respects. First, the Complaint does not meet the heightened pleading standards set forth in Rule 9(b). Rather, it merely states that the claims are "in the matter of Fraud." Second, even when looking to and incorporating the attached documents, no facts support that Defendants acted with knowing or reckless disregard for the truth of the information regarding how the loan was obtained. To be sure, the Complaint avers that the student loan was fraudulently procured, but Plaintiff does not aver that any current Defendant knew of or participated in obtaining the loan by fraud. The Complaint exhibits further demonstrate that Navient investigated the allegation and found no merit to it. Likewise, the exhibits reflect that the remaining Defendants relied on Navient's investigation. None of the Complaint facts, when viewed most favorably to Plaintiff, support the fraud claim. Thus, it must

7

be dismissed. Because the Court cannot discern, based on the Complaint and its exhibits, how Plaintiff could amend the fraud allegation sufficiently, the Court dismisses this claim with prejudice.

### iii. Fair Credit Reporting Act

The FCRA claim suffers a similar fate for different reasons. The FCRA prohibits entities from "furnish[ing] any information relating to a consumer to any consumer reporting agency if the [entity] knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). However, the Act "limit[s] enforcement of subsection (a) to '[f]ederal agencies and officials and . . . State officials.'" *Beattie v. Nations Credit Fin. Servs. Corp.*, 69 F. App'x 585, 591 (4th Cir. 2003) (quoting 15 U.S.C. § 1681s-2(c)–(d)). Because the statute does not confer a private right of action to enforce subsection (a), and Plaintiff does not qualify as a covered "official" under the statute, the claim that Defendants reported false information to the CRAs is dismissed with prejudice.

The FCRA also requires furnishers of credit information to investigate reasonably a consumer's dispute after notice from a CRA. *Green v. Sw. Credit Sys., L.P.*, 220 F. Supp. 3d 623, 625 (D. Md. 2016) (citing 15 U.S.C. § 1681s-2(b)(1)). The FCRA allows a private cause of action to be brought under this provision. *Robinson v. Greystone All., LLC*, No. BPG-10-3658, 2011 WL 2601573, at *3 n.6 (D. Md. June 29, 2011); *see also Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 509 (D. Md. 2004). To prevail, the Plaintiff must demonstrate that (1) she notified a CRA of the disputed information, (2) the CRA notified the furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information. *See Alston v. Branch Banking & Tr. Co.*, No. GJH-15-3100, 2016 WL 4521651, at *6 (D. Md. Aug. 26, 2016).

8

Plaintiff has sufficiently demonstrated that she notified a CRA of her dispute and that the CRA notified Navient. ECF No. 1-1 at 8. However, the Complaint fails to demonstrate that any other defendant received notice from a CRA. For this reason, the FCRA claim fails against each Defendant except Navient. *See Flax v. Navient Sols, Inc.*, No. MJG 16-1209, 2017 WL 1153889, at *4 (D. Md. Mar. 28, 2017).

As to Navient, the Complaint, read most favorably to Plaintiff, defeats the claim. Whether a dispute is investigated reasonably must be determined by "weighing the cost of verifying disputed information against the possible harm to the consumer." *See Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 432–33 (4th Cir. 2004). Where a CRA provides the furnisher with "vague or cursory information" about the consumer's dispute, "a more limited investigation may be appropriate." *Alston*, 2014 WL 859013, at *8 (quoting *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 38 (1st Cir. 2010)) (internal quotation marks omitted); *see also Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005).

The Complaint reveals that Navient was notified that Plaintiff believed she was the victim of identity theft and the loan at issue was obtained by fraud. Navient investigated this contention. ECF No. 1-1 at 8, 9, 17, 28. Plaintiff does not allege, and the Court finds no facts from which it can infer plausibly, that Navient's investigation was insufficient or unreasonable. Plaintiff's FCRA claim must be dismissed.

## IV. Conclusion

For the foregoing reasons, the Court grants Defendants' motions to dismiss. ECF Nos. 6, 9, 18, 26. The Court also denies as moot Plaintiff's request for hearing or trial. ECF No. 24. A separate Order follows.

July 29, 2019
Date

/S/
Paula Xinis
United States District Judge